UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DELL HESTER,                )
                            )
        Plaintiff,           )
                            )           CIVIL ACTION NO.
VS.                         )
                            )           3:17-CV-1407-G
HIEN DINH LE, ET AL.,        )
                            )
        Defendants.          )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss of the defendant United States of America ("the government") pursuant to FED. R. CIV. P. 12(b)(1) or, alternatively, for summary judgment (docket entry 10). For the reasons stated below, the motion is granted.

## I. BACKGROUND

On February 14, 2015, United States Postal Service ("USPS") employee Hien Dinh Le ("Le") was involved in a collision with a car driven by the plaintiff Dell Hester ("Hester"). Brief in Support of Defendant's Motion to Dismiss or Alternatively, for Summary Judgment ("Motion") at 2 (docket entry 11). At the time

of the accident, Le was driving a USPS vehicle within the scope of his employment. *Id.*

On June 12, 2015, Hester timely submitted an administrative claim to the USPS. *Id.* In a letter dated January 26, 2016 sent via certified mail, the USPS formally denied Hester's claim because the parties could not reach a mutually satisfactory settlement agreement. *Id.* at 3; Appendix in Support of Defendant's Brief in Support of Defendant's Motion to Dismiss ("App'x") at 008-009 (docket entry 12). Hester's attorney received the letter on February 2, 2016. *See* App'x at 009. The letter read in pertinent part as follows.

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.
>
> Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to

> make a disposition of the claim and the claimant's option
> under 28 U.S.C. § 2675(a) shall not accrue until six (6)
> months after the filing of the request for reconsideration.

App'x at 008-009 (emphasis in the original).

The USPS never received a request for reconsideration from Hester. Motion at 4. However, on January 20, 2017, almost one year after the denial of Hester's administrative claim, he filed suit against the government and Le in the 116th Judicial District Court in Dallas County, Texas. Motion at 4; *see also* Appendix to Notice of Removal at App'x 0006-0015 (docket entry 3). On May 26, 2017, Le timely removed this action pursuant to 28 U.S.C. §§ 1346(b)(1), 1442, and 2679. Notice of Removal ¶ 2 (docket entry 1). On June 12, 2017, the government moved to dismiss this action under FED. R. CIV. P. 12(b)(1) or 56(c) because Hester failed to file this action within six months of the denial of his administrative claim by USPS as required under 28 U.S.C. § 2401(b). *See generally* Motion. Hester failed to respond to the motion.

## II. ANALYSIS

### A. Standard for Rule 12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the

United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377.  Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d

178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071. Here, the government argues that Hester did not follow the statutory requirements under the Federal Tort Claims Act ("FTCA") and therefore jurisdiction is lacking. *See generally* Motion.

### B. Federal Torts Claims Act

"The FTCA gives federal district courts jurisdiction over claims against the United States for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C.

§ 1346(b)). "It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The FTCA is such a waiver of sovereign immunity. *Id.* (citing 28 U.S.C. § 1346(b)). This waiver, however, is limited. Under the FTCA, a claimant must file an administrative claim within two years and file suit within six months of the claim's denial. 28 U.S.C. § 2401(b). Therefore, if the plaintiff fails to meet FTCA requirements, the court is deprived of jurisdiction to hear the case. *United States v. Testan*, 424 U.S. 392 (1976). Hester's claim is barred by statute. Because the letter denying his claim was dated January 26, 2016, he had to file suit by July 26, 2016. Instead, Hester filed this case on January 20, 2017 -- nearly six months after the six-month deadline. The court is thus deprived of jurisdiction, and the government's motion to dismiss must be granted.[*]

---

[*] Additionally, Hester failed to respond to the USPS's challenge to this court's jurisdiction. The plaintiff bears the burden of establishing the subject matter jurisdiction of this court. See *Hays*, 515 U.S. at 743. Moreover, "[b]ecause there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited," the plaintiff must affirmatively show the basis for jurisdiction. *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 533 (5th Cir. 1980). Hester has failed to meet his burden of establishing that this court possesses subject matter jurisdiction over his claims. See *Hays*, 515 U.S. at 743; *Kirkland Masonry, Inc.*, 614 F.2d at 533.

### III. CONCLUSION

For the reasons discussed, the government's motion to dismiss Hester's claims for lack of subject matter jurisdiction is **GRANTED**.

**SO ORDERED**.

July 7, 2017.

_____
**A. JOE FISH
Senior United States District Judge**